## HAWKINS a. THE MAYOR, &c., OF THE CITY OF NEW YORK.

*New York Superior Court; Special Term, September,* 1857.

APPEAL FROM JUSTICES' COURT.—APPROVAL OF UNDERTAKING.
—JURISDICTION.

On appeal from a judgment of a district court of the city of New York, the appel-
late court cannot be justified in staying proceedings on the judgment appealed
from, upon any other grounds than those prescribed by statute.

*It seems,* that the New York Superior Court has not jurisdiction of appeals from the
district courts of the city.

Motion for an order staying plaintiff's proceedings upon a
judgment recovered in a district court, and appealed from by
defendant.

The plaintiff in this action, Charles Hawkins, recovered judg-
ment against the defendants on July 27, 1857, in the Third Dis-
trict Court, before Justice Meech, for $73.75.

Notice of appeal to the Superior Court was served on the
clerk of the District Court (the justice being absent); the costs
of the action, and $2, for the return of the justice, were paid
to him; and at the same time the usual undertaking on appeal,
executed by two sureties, was delivered to him on the part of
the defendants.  The undertaking and costs were delivered on
the same day to the justice by the clerk.

The plaintiff had previously issued an execution, under which
a constable had levied upon and advertised for sale a picture
belonging to the defendants.  The sale was advertised for Au-
gust 12, 1857.  The justice refused to approve of the underta-
king, and the defendants obtained a mandamus against the
justice in the Supreme Court to compel such approval, which
was returnable on the day of the sale, and in the mean time
applied to this court to stay proceedings upon the execution.

*A. R. Lawrence,* jr., for the motion.

HOFFMAN, J.—The application is to stay a sale of property

seized upon an execution issued on a judgment in the District Court for the third judicial district, against the defendants.

Judgment was recovered in such court before Mr. Justice Meech on July 27, 1857, in favor of the plaintiff, for the sum of $73.75. Notice of appeal to this court was thereupon given, and the provisions of section 354 of the Code, as amended in 1857, appear to have been fully complied with.

The appeal then being perfected, the cause may be treated as in this court for the purpose of being here reviewed, if this court possesses any jurisdiction. But the requirements of the statutes have not been complied with, so as to make the appeal a stay of proceedings.

Sections 355, 356, and 357 of the Code are in force. In order to stay the issuing of an execution, or proceedings under it, if issued, the undertaking therein prescribed must be approved by the court below. It appears from the papers before me that the justice refuses or avoids approving the undertaking. A mandamus has been obtained commanding him to show cause why he should not approve it.

The mode of obtaining a stay of proceedings is regulated by the statute, and must be strictly pursued. The subject in connection with appeals of this nature, is fully discussed in Smith a. Allen (2 E. D. Smith's C. P. R., 260).

This court, even if it has jurisdiction of the appeal, cannot be justified in staying proceedings upon any other grounds than those prescribed by the statute.

But if this was not a sufficient answer to the application, I should be compelled to deny it upon the ground that this court has no jurisdiction of appeals from the district courts of this city.

I shall not attempt to state the course of reasoning which has led me to this result, because the point has been argued before the general term at its July session, and will receive there a full investigation, as well as an authoritative decision.* If I

---

* The case referred to is that of Day a. Swackhammer, which came before the general term of the New York Superior Court on a motion to dismiss an appeal taken from a judgment of the First District Court of the city of New York.

The judgment appealed from in that case was recovered June 24, 1857, by Noah S. Day, plaintiff, against Conrad Swackhammer, defendant, and was for $175 and costs. The defendant appealed, and the plaintiff moved to dismiss the appeal.

am right, my reason will be unimportant; and if wrong, the present appeal will be heard.

Motion denied.

---

## RENAUD a. CONSELYEA.

*Supreme Court, Second District; General Term, July,* 1857.

### MORTGAGE FORECLOSURE.—TRUST FUNDS.

Wherever a security for trust funds is taken by the trustee in his individual capacity (though he be described as trustee in the instrument), the legal title to the security vests, on his death, not in his successor in the trust, but in his personal representatives; and they or their assignee may maintain an action to collect the funds secured; and the defendants cannot set up the rights of the successor in the trust as a defence to the action.

The decision of the special term in this case (4 *Ante,* 280)—affirmed.

Appeal from a decision of the special term in a foreclosure case.

The defendants in this action, which was for the foreclosure of a mortgage, now appealed from the decision of the special term that plaintiff was entitled to judgment. The facts in the

---

*Thomas Stevenson,* for the motion, contended that the Superior Court had no jurisdiction of the appeal; that though such jurisdiction was conferred by the act of April 13, 1857 (1 *Laws of* 1857, 727, *ch.* 341, § 76), it was taken away by the act of April 17, 1857, amending section 352 (with other sections) of the Code (2 *Laws of* 1857, 560, § 21).

*H. D. Birdsall,* in opposition, contended that under the two acts above mentioned, the Superior Court had jurisdiction of appeals from judgments rendered by justices of the district courts in *civil actions,* and that the Common Pleas had jurisdiction of appeals from judgments rendered by such justices in *special proceedings* brought before them, acting as officers out of court, and not as a court,—such as summary proceedings to recover possession of land.

BOSWORTH, J., on October 10th, announced the decision of the court dismissing the appeal. He stated that the judges of the Common Pleas and justices of the Superior Court had consulted together on the subject, and had come to the conclusion that the act of April 17th, 1857, in effect abrogated so much of the act of

case are stated in our report of the decision appealed from, 4 *Ante*, 280.

*James Maurice*, for the appellants.

*Luther R. Marsh*, for the respondent.

---

April 13th as gave the Superior Court power to entertain appeals from judgments rendered by a justice of one of the district courts of the city, and conferred that power on the Common Pleas.

He also stated that he was authorized by all the judges of both courts to state their concurrence in this conclusion.

No written opinion was rendered.

On the same subject consult Davis *a.* Hudson, *Ante*, 61 ; The People *on rel.* Morris *a.* Willis, *Ante*, 205.